UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**     **CRIMINAL NO. 6:23-CR-00055**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**PAUL POWELL**     **MAGISTRATE JUDGE DAVID J. AYO**

### MEMORANDUM ORDER

Before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, filed pursuant to 28 U.S.C. § 2255 by defendant Paul Powell ("Powell"). [Doc. 68]. The government filed a response to the motion [Doc. 71] and the defendant filed a reply to the government's response [Doc. 75]. The matter is now ripe for review.

**I. Background**

On September 4, 2019, deputies with the Lafayette Parish Sheriff's Office observed a vehicle without working headlights. The driver's conduct of entering a residence and leaving quickly was "consistent with drug activity and drug transactions." Stipulated Factual Basis, [Doc. 35-3, p. 1]. Following a pursuit by law enforcement officers, Powell stopped the vehicle, fled on foot, and was eventually apprehended. Inside the car, the officers found a scale and approximately 210 grams of methamphetamine. *Id.* at pp. 1-2.

On March 15, 2023, a federal grand jury returned an Indictment charging the defendant with possession with intent to distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). [Doc. 1]. The Federal Public Defender's Office was appointed to represent the defendant. [Doc. 11].

On April 21, 2023, pursuant to a written plea agreement, the defendant pleaded guilty to a Bill of Information charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). [Docs. 31, 34, 35].

A Presentence Investigation Report was issued on June 27, 2023. [Doc. 39]. The base offense level of 32 was determined on the basis of 191.1 grams of actual methamphetamine. *Id.* at ¶ 24. Four levels were added to the offense level because the defendant possessed a firearm and because he created a risk of death or serious bodily injury when he fled from officers. *Id.* at ¶¶ 25, 28. After a three-level reduction for acceptance of responsibility, his total offense level was 33. *Id.* at ¶ 33. Although Powell's criminal history score was zero, he had at least six prior arrests for drug-related offenses. *Id.* at ¶¶ 42-45, 51, 53. With a total offense level of 33 and a criminal history category of I, the guideline imprisonment range was 135 to 168 months. *Id.* at ¶ 80. The defendant did not object to the Presentence Investigation Report but submitted a Sentencing Memorandum. [Doc. 39-1]; [Doc. 40].

On August 4, 2023, the defendant was sentenced to 135 months imprisonment. [Docs. 42, 43]. In accordance with a directive from the Fifth Circuit, an Amended Judgment was issued on January 23, 2024, removing special conditions of supervised release that had not been specified orally at the August 4, 2023, sentencing. [Doc. 55].

Following the Court's filing of an Administrative Motion on January 17, 2024, to address issues raised by Amendment 821 to the U.S. Sentencing Guidelines

regarding sentence reductions under 18 U.S.C. § 3582(c)(2), the Court denied a reduction of defendant's sentence. [Docs. 52, 58]. The defendant's appeal of that decision was dismissed for want of prosecution. [Doc. 63].

## II. Section 2255 Motion

On August 12, 2024, Powell timely filed the instant motion alleging: (1) ineffective assistance of pre-trial counsel when counsel failed to: (a) communicate with him and inform him of the relevant circumstances of pleading guilty as opposed to proceeding to trial; (b) conduct an adequate and independent pretrial investigation; and (c) attempt to negotiate a favorable plea agreement; (2) ineffective assistance of counsel at sentencing when counsel failed to: (a) properly discuss and explain the PSR to him prior to the sentencing hearing; (b) file substantive objections to the PSR; and (c) argue for mitigation of punishment and object to his sentence being substantively unreasonable; (3) ineffective assistance of appellate counsel when counsel failed to: (a) communicate and keep him informed of the issues he intended to raise on appeal; (b) allow him to participate in his appeal and include additional issues; and (c) raise stronger issues; and (4) the district judge was biased because he did not obtain the final results on his pending charges.

### A. *Law and Analysis*

#### 1. *28 U.S.C. § 2255*

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (*quoting United States v. Frady*, 456 U.S. 152, 164 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional

rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). However, the collateral challenge process of § 2255 is no substitute for appeal, e.*g., Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the defendant shows cause and prejudice for his failure, or actual innocence. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). This is neither a statutory nor constitutional requirement, but instead a "doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

### 2. *Ineffective Assistance of Trial Counsel*

Defendant raises claims of ineffective assistance of counsel. Ineffective assistance claims may be brought for the first time in a collateral proceeding under § 2255 regardless of whether the defendant raised the issue earlier. *Massaro v. United States*, 538 U.S. 500, 509 (2003). Therefore, review of this claim does not require a determination of whether [defendant] raised all aspects of this claim on direct appeal. *Id*.; *see also United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under

*Strickland*, a defendant must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. 466 U.S. at 687. A defendant must satisfy both prongs of the *Strickland* test in order to prevail, and the court need not approach the inquiry in the same order or address both components should the defendant fail to satisfy one. *Id.* at 697.

The first prong does not require perfect assistance by counsel; rather, defendant must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 687–88. In this review, courts "must make 'every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the second prong, the court looks to any prejudice suffered as a result of counsel's deficient performance. This prong is satisfied if the defendant can show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were sufficiently serious to deprive the defendant of a fair trial with a reliable verdict. *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694–95). Under

*Strickland*, the court may also consider the cumulative prejudice from counsel's errors. *See Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (addressing each issue of deficient performance found by the district court before considering whether the petitioner was cumulatively prejudiced thereby); *see also Dodson v. Stephens*, 611 F. App'x 168, 178 (5th Cir. 2015) (assuming without deciding that *Strickland* calls for a cumulative prejudice analysis).

### a. Defendant's Claims of Ineffective Assistance During the Pretrial Phase

Powell contends that his attorney was ineffective during the pretrial phase when he failed to: (i) communicate with him and inform him of the relevant circumstances of pleading guilty as opposed to proceeding to trial, (ii) failed to conduct an adequate and independent pretrial investigation, and (iii) failed to attempt to negotiate a favorable plea.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* test to cases involving guilty pleas. In the context of a guilty plea, to show prejudice a defendant is required to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[I]t is not enough, under *Strickland*, 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 693). "[T]o obtain relief on this type of claim [of erroneous advice to plead guilty], a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

"The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988). The focus should be on "the defendant's decisionmaking." *Lee v. United States*, 137 S. Ct. 1958, 1961 (2017). However, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967.

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *United States v. Williams*, 116 F. App'x 539, 540 (5th Cir. 2004) ("[T]he conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance.").

In the present matter, the Court finds that the defendant's guilty plea was voluntary. Under oath, the defendant admitted that his plea was voluntary and that he was pleading guilty because he was in fact guilty:

> Court: Okay. Are you pleading guilty of your own free will because you are, in fact, guilty?
>
> Defendant: Yes, sir.

Transcript of April 21, 2023, Change of Plea Hearing. [Doc. 47, p. 18, lines 13-15].

Moreover, the plea agreement signed by the defendant provides that his guilty plea was voluntary. [Doc. 35, p. 5]. Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" *United States v. Martinez-Molina*, 64 F.3d 719, 733 (5th Cir. 1995) (citing *Blackledge v. Allison*, 431 U.S. 63 (1977). Any

documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). The defendant has not presented any evidence to refute his statements. Nothing in the record supports the defendant's allegation that he pleaded guilty under the impression that his prior criminal history would not be a factor in sentencing. During the guilty plea, the Court asked the defendant, who had sworn that his testimony was truthful:

> Court: Mr. Powell, have you had a chance to fully discuss the charge in this case with your attorney, Ms. Gibbens?
>
> Defendant: Yes, sir.
>
> Court: Are you satisfied with the counsel, representation, and advice that she's given to you?
>
> Defendant: Yes, sir.

[Doc. 47, p. 5, lines 16-21].

Later in the change of plea hearing Powell confirmed again that he was pleading guilty of his own free will because he is, in fact, guilty. *Id*. at p. 18, lines 13-15.

The Court later asked the defendant, "And I understand you've likely discussed Sentencing Guidelines with your attorney, and you may have an idea of what those might be, but no one has made any promises to you, correct?" *Id*. at p. 19, lines 1-4. The defendant responded in the affirmative. *Id*. at line 5. After explaining the guidelines, the Court asked, "We don't know what that is yet. You realize we don't know what that is yet, right?" Again, the defendant responded in the affirmative. *Id*.

at lines 11-18. The defendant has not presented any evidence to refute his statements.

Moreover, the documents signed by the defendant belie his contention that he was under the impression that his criminal history would not factor into his sentencing. For instance, the plea agreement signed by the defendant provided, "The sentencing judge alone will decide what sentence to impose." [Doc. 35, p. 4]. The plea agreement also read that no promises had been made or implied. *Id*. The plea agreement provided that the defendant understood the plea agreement and that he was "satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case." *Id*. at p. 5. The form entitled "Understanding of Maximum Penalty and Constitutional Rights," also signed by the defendant, indicates that he understood the maximum penalties and that no promises had been made. [Doc. 35-1]. The defendant has not established that these statements lack veracity.

In addition to his claim that his counsel failed to advise him of the consequences of pleading guilty, defendant further claims that his attorney was ineffective for failing to file pretrial motions, such as request for a bill of particulars and for grand jury materials. [Doc. 68-1, p. 5]. As mentioned above, if a defendant enters a voluntary guilty plea, he can only challenge the actions of his attorney relating to the guilty plea. The defendant has not shown that the decision not to request a bill of particulars or grand jury materials impacted the voluntariness of his guilty plea. Furthermore, the filing of pretrial motions is considered a strategic

decision, which is viewed with "deference commensurate with the reasonableness of the professional judgment on which [it] is based." *Strickland*, 466 U.S. at 681.

The defendant has not shown how a bill of particulars or grand jury material would have affected his decision to plead guilty. The attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").

Finally, with respect to the pretrial phase, the defendant contends that his attorney was ineffective in failing to conduct an adequate pretrial investigation and to negotiate a favorable plea agreement. [Doc. 68, p. 4]; [Doc. 68-1, p. 5]. Again, the defendant has not established what a pretrial investigation would have revealed that would have impacted his decision to plead guilty. He contends that the drugs should have been tested three times but fails to demonstrate what difference that would have made. [Doc. 68-1, p. 5]. There is no proof that the results of the laboratory reports described in the Presentence Investigation Report were inaccurate. The defendant has not shown how his plea agreement could have been more favorable. As the Presentence Investigation Report shows, the defendant received a three-level reduction for acceptance of responsibility, which was based on the prompt plea of guilty. [Doc. 39, ¶¶ 31-32].

### b. Defendant's Claims of Ineffective Assistance During the Sentencing Phase

Next, the defendant contends that his attorney was ineffective at sentencing. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the defendant must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance."); *United States v. Herrera*, 412 F.3d 577, 581 (2005) (underestimating possible sentence by 27 months constituted deficient performance); *United States v. Conley*, 349 F.3d 837, 842 (5th Cir. 2003) (failing to object to 120-month sentence when maximum penalty was 60 months constituted prejudice). The government argues, and the Court agrees, that the defendant has failed to make such a showing.

The defendant's assertion that the attorney failed to discuss the Presentence Investigation Report with him is contrary to his sworn statements. Under oath at the time of sentencing, when asked by the Court if the defendant had read the Presentence Report and discussed it with his attorney, the defendant responded in the affirmative. [Doc. 48, p. 2, lines 19-24].

The defendant argues that his attorney was ineffective for not objecting to the Presentence Investigation Report and, thus, stipulating that "his pending charges were not a factor in his sentencing." [Doc. 68-1, p. 8]. To the extent that the defendant contends that absent his attorney's actions, the Court would not have considered his past criminal history, this argument is without merit. The Presentence Investigation Report shows that the defendant had no prior criminal convictions. Whether one of

the pending charges was later dismissed did not affect this criminal history or criminal history category. There was nothing for the attorney to object to in the description in the Presentence Investigation Report of the defendant's prior arrests. As the sentencing transcript demonstrates, the Court was concerned with the number of arrests regardless of the actual Criminal History Category. Before imposing a sentence, the Court stated, "Mr. Powell, it's not often that we see someone that has as many encounters with law enforcement as you have, but it's a Criminal History Category I. So you haven't felt that many consequences yet for your activities. That's part of the thing I'm kind of struggling with here." [Doc. 48, p. 9, line 25; p. 10, lines 1-4]. Nevertheless, the Court imposed a sentence of 135 months, which was at the bottom of the advisory guideline range.

Contrary to the defendant's allegations, the sentencing transcript shows that the attorney was effective at sentencing. The attorney filed a Sentencing Memorandum. *Id*. at p. 4. At sentencing, the attorney pointed out the defendant's family support and the "policy argument on the disparity between meth actual and meth mixture." *Id*. at pp. 4-5. His attorney argued, "If his drugs wouldn't have gotten tested, he would be at so much lower of a level, offense level. It's simply because the drugs in this case got tested." *Id*. at p. 5. The Court stated, "Your counsel has done a great job of bringing forward the point that, you know, methamphetamine now is not like it was when the Sentencing Guidelines were written…." *Id*. at p. 10.

The Court finds that the defendant, who received a sentence at the bottom of the advisory guideline range, has failed to show that his attorney was ineffective in the sentencing phase.

### *c. Defendant's Claims of Ineffective Assistance During the Appellate Phase*

The defendant challenges the actions of his attorney on appeal. This "familiar two-part *Strickland* test," described above, applies to claims of ineffective assistance of counsel on appeal. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). To render effective assistance of counsel, appellate counsel need not raise every nonfrivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law or make an informed decision that certain avenues will not prove fruitful." *Williamson*, 183 F.3d at 462-63 (cleaned up). To render effective assistance, "[a]ppellate counsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *United States v. Valas*, 40 F.4th 253, 260 (5th Cir. 2022) (cleaned up). *See also, United States v. Slape*, 44 F.4th 356, 360 (5th Cir. 2022) ("As we've consistently observed, the Sixth Amendment's reasonableness standard does not require counsel to guess correctly on questions of first impression, but merely to present 'directly controlling precedents' in support of meritorious arguments their clients might beneficially advance.").

In the case before this Court, the record supports the attorney's effectiveness. The defendant has failed to present any viable issues the attorney should have raised. As noted above, the sentence was at the bottom of the advisory guideline range and

is presumed reasonable on appeal. *See United States v. Tuma,* 738 F.3d 681, 695 (5th Cir. 2013)

### 3. Defendant's Assertion of Judicial Bias

Finally, the defendant argues that the Court was biased against him and points to the Court's comment at sentencing about his criminal history. This type of claim can be constitutional in nature. "Due process guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania,* 579 U.S. 1, 8 (2016) (quoting *In re Murchison,* 349 U.S. 133, 136 (1955)). However, the defendant has not shown cause or prejudice for his failure to raise this issue on appeal. He, thus, is procedurally barred from raising it now.

Nevertheless, the Court finds that this claim is meritless. Recusal of judges for bias is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See United States v. Brocato,* 4 F.4th 296, 301 (5th Cir. 2021). Section 144 requires recusal in situations in which a judge "has a personal bias or prejudice" against or in favor of a party. The statute includes a procedure by which a party asserting that a judge is biased presents an affidavit along with "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. The defendant has not followed the requirements of that statute.

Section 455(a) reads, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). Under either statute, bias warranting disqualification must be personal, rather than

judicial. *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Adverse rulings on motions ordinarily do not warrant disqualification for bias; they must "reveal an opinion based on an extrajudicial source" or "demonstrate such a high degree of antagonism as to make fair judgment impossible." *Id*. The Court's remark about the defendant's criminal history did not manifest any bias. The defendant still received a sentence at the bottom of the advisory guideline range.

### 4. *Defendant's Request for Application of a Change in the Law as to Methamphetamine*

The defendant requests relief for the "possible intervening change of law on methamphetamine." [Doc. 68-1]. The defendant has not presented an issue of constitutional or jurisdictional nature. Section 2255 motion is not the appropriate vehicle to raise such a request. If such a change does occur, a motion under 18 U.S.C. § 3582(c) could be the appropriate statute for presenting such a claim to the Court.

## CONCLUSION

For the foregoing reasons, based on the record and the relevant jurisprudence,

IT IS HEREBY ORDERED that Powell's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [Doc. 68] be DENIED and DISMISSED WITH PREJUDICE for failing to state a claim for which relief may be granted. Because his claims are plainly refuted by the record, no evidentiary hearing is required. *See United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989).

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of

appealability when it enters a final order adverse to the petitioner. Unless a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is DENIED because Powell has failed to demonstrate a substantial showing of the denial of a constitutional right.

THUS, DONE AND SIGNED in Chambers on this 1st day of April 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE